IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**WILLIAM S. GADD,**

    **Petitioner,**

v.　　　　　　　　　　　　　　**Civil Action No. 1:18-cv-00408**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's Petition for a Writ of Habeas Corpus, (ECF No. 2); Petitioner's Motion to Proceed Without the Prepayment of Fees and Costs and Motion for Appointment of Counsel, (ECF No. 1); and Petitioner's Motion for Ruling on Petition for a Writ of Habeas Corpus. (ECF No. 5). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Petitioner's Motions be **DENIED**, as moot; that his petition be **DENIED** as a second, successive and unauthorized motion made pursuant to 28 U.S.C. § 2255; and that this action be **DISMISSED**, with prejudice, and **REMOVED** from the docket of the Court.

I.     **Relevant Procedural Background**

In October 2002, a federal grand jury sitting in Beckley, West Virginia indicted Petitioner on four counts of knowingly presenting, passing, and uttering a fictitious obligation with the intent to defraud in violation of 18 U.S.C. § 514(a)(2). *See United States v. Gadd,* Case No. 1:02-cr-00240 (S.D.W. Va. 2002), at ECF No. 1. A superseding indictment was returned on March 20, 2003, which charged Petitioner with two counts of presenting, passing, and uttering a fictitious obligation and two counts of bankruptcy fraud. *Id.* at ECF No. 13. Petitioner was found guilty on all counts of the superseding indictment on January 15, 2004. *Id.* at ECF No. 54. He was sentenced to 240 months of imprisonment on the first two counts and sixty months of imprisonment on the second two counts, to run concurrently. *Id.* at ECF No. 70.

Petitioner appealed his sentence to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), in part arguing that the sentence violated his Sixth Amendment right to a trial by jury. Petitioner claimed that the sentencing court incorrectly applied a sentence enhancement under the United States Sentencing Guidelines that relied on facts, which were neither admitted, nor proven to a jury beyond a reasonable doubt. *Gadd,* Case No. 1:02-cr-00240, at ECF No. 88. The Fourth Circuit agreed with Petitioner and remanded the case for resentencing. *Id.* On July 12, 2006, Petitioner was resentenced, receiving 235 months of imprisonment on the first two counts of conviction and sixty months on the remaining two counts of conviction. *Id.* at ECF No. 95.

On December 21, 2006, Petitioner filed a Petition for Writ of Habeas Corpus Jus Legitimum, Jus Quaesitum, which was construed by the Court to be a motion filed pursuant to 28 U.S.C. § 2255. *See Gadd v. United States,* Case No. 1:06-cv-01062 (S.D.W.

2

Va. 2006), at ECF Nos. 99, 109. In this § 2255 motion, Petitioner alleged that the United States lacked standing, and the Court lacked jurisdiction, to prosecute the underlying criminal action that led to his conviction and incarceration. He asked the Court to acknowledge its lack of jurisdiction and vacate his criminal conviction and sentence. *Id.* While that motion was pending, Petitioner filed a second Petition for Writ of Habeas Corpus Jus Legitimum, Jus Quaesitum, in which he alleged that his conviction and sentence were fraudulently obtained by the United States Attorney, who concealed material facts. *Id.* at ECF No. 115. He asked that his conviction and sentence be vacated and he be released from custody. This petition was construed as a supplemental motion in support of his pending § 2255 motion and was joined in the same action. *Id.* at ECF No. 116. However, on March 19, 2007, before a ruling on the pending § 2255 motions was issued, Petitioner voluntarily dismissed the case. *Id.* at ECF No. 120.

Approximately two months later, on May 16, 2007, Petitioner instituted a new action, filing a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *See Gadd v. United States,* Case No. 1:07-cv-00311 (S.D.W. Va. 2007) at ECF No. 121. Petitioner raised two constitutional grounds in his motion; including, (1) ineffective assistance of counsel related to the amount of money counsel allowed to be attributed to Petitioner as relevant conduct in the presentence report and at sentencing, and (2) a due process violation arising from the addition of $23,142,100.62 in the presentence report, which was considered as relevant conduct at sentencing, but was not included in the indictment. *Id.* On April 2, 2008, United States Magistrate Judge R. Clarke VanDervort issued Proposed Findings and Recommendations, suggesting that the presiding District Judge deny the Motion to Vacate, Set Aside, or Correct Sentence and dismiss the case. *Id.* at ECF No. 141. Petitioner filed objections to the Magistrate Judge's recommendations.

However, on February 9, 2009, United States District Judge David A. Faber overruled the objections, adopted the Proposed Findings and Recommendations, denied Petitioner's § 2255 motion, and dismissed the case. *Id.* at ECF No. 156.

Petitioner appealed the denial of his § 2255 motion to the Fourth Circuit. *Gadd v. United States,* Case No. 1:07-cv-00311, at ECF No. 168. On June 30, 2009, the Fourth Circuit issued an unpublished decision dismissing the appeal. *Id.* at ECF No. 170. In this decision, the Fourth Circuit confirmed that it had independently reviewed the record and had concluded that Petitioner failed to make "a substantial showing of the denial of a constitutional right" necessary to justify a certificate of appealability. *Id.*

Almost nine years later, on March 8, 2018, Petitioner filed the instant Petition for a Writ of Habeas Corpus. (ECF No. 2). In this proceeding, Petitioner asks the Court to resentence him, arguing that his sentence is invalid because "[a]pproximately 10 points used in the presentence report (PSR) were used to enhance the Petitioner's sentence. These items were never part of the indictment or were any of the items presented at trial." (*Id.* at 2). Petitioner indicates that his petition is "presented based on the ruling made by the United States Supreme Court [that]: 'Absent conviction of a crime, one is presumed innocent.'" *Id.* at 1 (citing *Nelson v. Colorado,* 137 S. Ct. 1249 (2017)). In a memorandum in support of his petition, Petitioner argues that the decision in *Nelson v. Colorado* "effectively overruled" *United States v. Watts,* 519 U.S. 148 (1997), a case which authorized courts to consider conduct, even that of an acquitted charged, as "relevant conduct" for sentencing purposes so long as the conduct was proven by a preponderance of the evidence. (ECF No. 4). According to Petitioner, the "presumption of innocence" principle promoted by *Nelson* now allows courts to consider "only facts arising out of a final conviction, which may not also be construed as elements of acquitted, dismissed or

4

unindicted charges" at the time of sentencing. *Id.* at 13. Petitioner does not explain how that analysis, if correct, applies to the specific facts of his case, but concludes that he was the victim of impermissible sentence enhancements and, thus, is entitled to resentencing.

A few days after filing the Petition for a Writ of Habeas Corpus in this Court, Petitioner filed the same petition in the Fourth Circuit. *See United States v. Gadd,* Case No. 1:02-cr-00240, at ECF Nos. 190, 191. On July 12, 2018, the Fourth Circuit issued an unpublished, per curiam decision dismissing the petition. *Id.* at ECF No. 193. The Fourth Circuit explained that it ordinarily did not entertain original habeas corpus petitions and saw no reason to deviate from the general rule in Petitioner's case. Furthermore, the Fourth Circuit explicitly declined to transfer the petition to this Court for review, finding that the "interest of justice" would not be served by such a transfer. *Id.* Accordingly, Petitioner's petition and associated motions were summarily rejected, and the proceeding was closed. *Id.*

## II.    Discussion

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his sentence, not its execution. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

The undersigned acknowledges that on rare occasions, issues reserved for motions under § 2255 may be raised in petitions for habeas relief filed under § 2241. The "savings

clause," found at 28 U.S.C. § 2255(e), allows a § 2241 petition to take the place of a § 2255 motion when "§ 2255 proves inadequate or ineffective to test the legality of detention." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted). To trigger the savings clause, a petitioner challenging his sentence must show that all of the following factors exist: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Wheeler* criteria. *See Hood v. United States*, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014).

Petitioner does not argue that § 2255 is inadequate or ineffective to test the legality of detention, nor does he show the presence of all four *Wheeler* factors that would allow him to file a habeas petition in place of a § 2255 motion. In particular, Petitioner cannot meet the second factor, because he fails to show any change in the substantive law pertaining to the legality of his sentence, or any such change that was made retroactive on collateral review. As stated, Petitioner relies on *Nelson v. Colorado, supra.* In *Nelson,* the Supreme Court examined a Colorado statute that required defendants whose convictions had been reversed or vacated to prove their innocence by clear and convincing evidence in order to obtain a refund of costs, fees, and restitution paid in conjunction with

6

the invalid conviction. *Nelson,* 137 S. Ct. at 1254. The Supreme Court held that Colorado's statute was unconstitutional, because it violated the right to procedural due process by placing an evidentiary burden on the defendants to prove their innocence when the presumption of innocence rested at the foundation of the criminal justice system. As is plain from *Nelson,* the Supreme Court's decision did not touch on sentencing considerations, sentencing guidelines, or relevant conduct in sentencing. *United States v. Watts* is not mentioned in the *Nelson* case, and certainly is not overruled. Therefore, *Nelson* simply does not change substantive law related to Petitioner's conviction or sentence, nor does it retroactively apply on collateral review to the issue raised by Petitioner. *See, e.g. Lewis v. Mosely,* Case No. 4:18-732-TMC-TER, 2018 WL 2422045, at *1 (D.S.C. May 9, 2018), *report and recommendation adopted,* No. CV 4:18-732-TMC, 2018 WL 2416913 (D.S.C. May 29, 2018) (explaining that *Nelson* makes no reference to *U.S. v. Watts* and noting that *Nelson* certainly does not overrule *Watts* or change Fourth Circuit law). Therefore, Petitioner's petition for habeas relief is construed as a § 2255 motion.

The law is well-settled that a District Court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals. 28 U.S.C. § 2255(h); *see also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). In this case, Petitioner previously filed a § 2255 motion, which related to the same conviction and sentence that he presently challenges. His first § 2255 motion was denied on the merits, and Petitioner has not received authorization from the Fourth Circuit to proceed with a second or successive § 2255 motion. Therefore, the undersigned **FINDS** that this Court lacks jurisdiction to consider the motion.

Although the Court lacks jurisdiction to address the merits of Petitioner's motion, the Court may exercise its authority under 28 U.S.C. § 1631 to recharacterize the petition as a motion for pre-filing authorization and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

For the Fourth Circuit to grant a petitioner's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock*, 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Petitioner's motion, the undersigned concludes that Petitioner has not set forth a potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. Petitioner offers no "newly discovered" evidence, nor is there a new rule of constitutional law applicable to his claim. Moreover, the Fourth Circuit has already looked at Petitioner's petition and did not feel it merited transfer to the District Court. Given the Fourth Circuit's position, the undersigned **FINDS** that transfer to the Fourth Circuit would be fruitless and, thus, is not "in the interest of justice." Consequently, dismissal is warranted.

### III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Motions be **DENIED**, as moot, (ECF Nos. 1, 5); that his petition be **DENIED** as a second, successive and unauthorized motion made pursuant to 28 U.S.C. § 2255, (ECF No. 2); and that this action be **DISMISSED**, with prejudice, and **REMOVED** from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall

have fourteen days (filing of objections) and three days (if received by mai) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** August 9, 2018

Cheryl A. Eifert
United States Magistrate Judge