IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

WILLIAM S. GADD,

    Plaintiff,

v.                               CIVIL ACTION NO. 1:18-cv-00408

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 6).

Magistrate Judge Eifert submitted to the court her PF&R on August 9, 2019, in which she recommended that the Court deny the plaintiffs' motions as moot, deny the plaintiff's petition as a second, successive and unauthorized motion made pursuant to 28 U.S.C. § 2255; and that this action be dismissed, with prejudice, and removed from the docket of the court. (ECF Nos. 1, 5).

In accordance with 28 U.S.C. § 636(b), the parties were allotted seventeen days in which to file any objections to Magistrate Judge Eifert's PF&R. The failure of any party to file such objections within the time allotted constitutes a

waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). The plaintiff submitted objections (ECF NO. 10) and filed a Motion to Strike (ECF No. 9). The court reviews the plaintiff's objections below.

**I. Discussion**

    a. Underlying Claim

The petition brought his claim as a Writ of Habeas Corpus, seeking the relief of correcting his presentence report. (ECF No. 2). The petition alleges that "[a]pproximately 10 points used in the presentence report were used to enhance the Petitioner's sentence. These items were never part of the indictment or were any of the items presented at the trial. Petitioner is presumed innocent of these items used to enhance the Petitioner's sentence." Id. at p. 2. The plaintiff further claims that his Fifth, Sixth, and Fourteenth Amendment rights under the Construction were violated and that his presentence report should be amended to reflect his concerns. Id.

    b. Objections

        i. Plaintiff's objection that the magistrate judge lacks authority under 28 U.S.C. § 2243.

In the plaintiff's objection, he challenges the authority of the magistrate judge to make findings in the instant matter. Furthermore, the plaintiff argues that because the defendant

never answered his complaint, the magistrate judge has acted as both an advocate and a district court judge. (ECF No. 10, pgs. 2-3). The court finds the plaintiff's argument to be erroneous.

The jurisdiction and powers of magistrate judges is codified in 28 U.S.C. § 636. § 636(b) states:

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Thus, under § 636(b), the magistrate judge had the authority and jurisdiction to make findings and recommendations and submit them to the court in the plaintiff's case. It is irrelevant that the defendant did not reply to the plaintiff's

complaint. Accordingly, the court **DENIES** plaintiff's motion to strike the proposed findings and recommendations (ECF No. 9).

> ii. Plaintiff's objection that the magistrate judge mischaracterized a federal habeas corpus action as a motion under 28 U.S.C. § 2255.

The court finds that the magistrate judge was correct to classify the plaintiff's petition as a motion under 28 U.S.C. § 2255. This section reads as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Here, the plaintiff is challenging the sentencing guideline calculation. Specifically, he argues that a 10-point increase in his sentencing guideline calculations was erroneously based upon facts not presented at trial or a part of his indictment. Thus, he is challenging the validity of the sentence that was imposed upon him. This claim fits squarely within the purview of 28 U.S.C. § 2255.

In his objections, the plaintiff points out that issues reserved for motions under § 2255 may be raised in petitions for habeas relief filed under § 2241. (ECF No. 10, p. 4). However,

these circumstances are rare, and the plaintiff must first satisfy the four elements set forth in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).

The "savings clause," found at 28 U.S.C. §2255(e), allows a §2241 petition to take the place of a §2255 motion when "§2255 proves inadequate to test the legality of detention," Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citations omitted). To trigger the savings clause, a plaintiff challenging his sentence must show that all of the following elements exist: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first §2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of §2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). The plaintiff bears the burden of establishing that a §2255 motion is inadequate or ineffective by satisfying the Wheeler criteria. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Zeigler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb 20, 2014).

5

In his objections, the plaintiff claims that his complaint set forth and satisfied the criteria in Wheeler. (ECF No. 10, p.6). However, the court agrees with the magistrate judge (ECF No. 6, p. 6) that plaintiff's complaint never made such an argument that § 2255 was inadequate or ineffective, nor did the substantive law change to satisfy the Wheeler factors. Thus, the court finds that plaintiff failed to meet his requisite burden.

Accordingly, the court finds that the petition's complaint, unequivocally challenging the validity of his sentence, not its execution, is properly construed as a motion under 28 U.S.C. § 2255. Thus, the court adopts the finding of the magistrate judge that this court lacks the jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals. 28 U.S.C. § 2255(h).[1] Therefore, the court finds it lacks jurisdiction to consider the plaintiff's motion.

---

[1] In this case, plaintiff previously filed a § 2255 motion, which related to the same conviction and sentence that he presently challenges. His first § 2255 was denied on the merits, and plaintiff has not received authorization from the Fourth Circuit to proceed with a second or successive § 2255 motion.

### iii. Plaintiff's objection that the magistrate judge avoided the authority of Nelson v. Colorado.

In a memorandum in support of his petition, plaintiff argues that the decision in Nelson v. Colorado, 137 S. Ct. 1249 (2017), effectively overruled United States v. Watts, 519 U.S. 148 (1997). (ECF No. 4). The plaintiff objects to the magistrate judge's conclusion that Nelson did not overrule Watts because the Supreme Court in Nelson "did not touch on sentencing considerations, sentencing guidelines, or relevant conduct in sentencing" nor did the court mention Watts in the Nelson case.

In its independent review of Nelson and Watts, the court finds that Nelson did not change substantive law as articulated in Watts.[2] In fact the cases dealt with separate and distinct issues. Nelson stands for the proposition that a state statute "requiring defendants whose convictions have been reversed or vacated to prove their innocence by clear and convincing evidence in order to obtain the refund of costs, fees, and restitution paid pursuant to the invalid conviction" violates due process. Nelson, 137 S. Ct at 1266. This holding is not relevant or applicable to the plaintiff's case. Therefore, the magistrate judge accurately determined that Nelson would not

---

[2] "Sentencing court may consider conduct of which defendant has been acquitted, so long as the conduct has been proved by preponderance of evidence." Watts, 519 U.S. at 157.

7

apply on a collateral review to the issue raised by the plaintiff. (See ECF No. 6, p. 7).

> iv. Plaintiff's objection that Nelson did not announce a new rule of criminal procedure.

Again, the plaintiff objects to the magistrate judge's finding that Nelson did not establish a new rule, and that it, therefore, does not apply retroactively. (ECF No. 10, pg. 10). The plaintiff argues that "[t]he Supreme Court's decision in Nelson concluded that it was a violation of due process to require defendants whose convictions had been invalidated [for any reason], to prove their innocence by another standard yet again, before their innocence was restored." Id.

The plaintiff fails to understand that the Nelson decision deals specifically with an individual's burden of proof when seeking to obtain the refund of costs, fees, and restitution paid pursuant to the invalid conviction. Nelson, 137 S. Ct at 1266. This holding has no bearing on settled law that the court has the ability to "consider conduct of which defendant has been acquitted, so long as the conduct has been proved by preponderance of evidence." See Watts, 519 U.S. at 157. Thus, this objection is without merit.

> v. Plaintiff's objection that there was is a fundamental miscarriage of justice because of his alleged actual innocence.

The court finds that the plaintiff's objections to the magistrate judge's finding that "the magistrate judge has misrepresented the facts and the law, for the purpose of denying any relief" (ECF No. 10, p. 12) is without merit, because the court agrees with the magistrate judge that Nelson, 137 S. Ct 1249, is inapplicable to the plaintiff's claim.

> vi. Plaintiff's objection that there was cumulative error.

Finally, the plaintiff objects to the magistrate judges "appar[ant] conclu[sion] that this claim fails because it is not based on clearly established U.S. Supreme Court law." (ECF No. 10, p. 12). The court responds to this objection, however, that the plaintiff's claim is not successful primarily because it is properly categorized as a motion under 28 U.S.C. § 2255, a motion to vacate, set aside or correct sentence, which would require authorization from the Fourth Circuit to proceed with a second or successive § 2255 motion. Furthermore, as previously articulated, the "savings clause," found at 28 U.S.C. §2255(e), is inapplicable to the case at hand because the defendant failed to meet his burden of demonstrating that a motion under § 2255 is inadequate or ineffective by satisfying the Wheeler criteria.

9

## II. Conclusion

Having made a de novo review of the plaintiff's complaint, for the foregoing reasons, the court hereby **DENIES** the plaintiff's motions (ECF Nos. 1, 5) as moot, **DENIES** plaintiff's motion to strike the proposed findings and recommendations (ECF No. 9); **DENIES** the plaintiff's petition as a second, successive and unauthorized motion made pursuant to 28 U.S.C. § 2255; and **DISMISSES** this action, with prejudice, and removes it from the docket of the court.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to plaintiff pro se counsel of record.

It is **SO ORDERED** this 28th day of March, 2019.

**ENTER:**

David A. Faber
Senior United States District Judge